UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL and CHRISTINE FARRELL,　　　　　　　　　No. 06-10863

　　　　　　　　　Debtor(s).
_____/

ROGER ASHKENAZI,

　　　　　　　　　Plaintiff(s),

　　　v.　　　　　　　　　　　　　　　　　　　　A.P. No. 07-1038

MICHAEL and CHRISTINE FARRELL,

　　　　　　　　　Defendant(s).
_____/

Memorandum on Motion for Summary Judgment (First, Second and Third Claims)
_____

　　　　In his first three claims in this adversary proceeding, plaintiff Roger Ashkenazi seeks a determination that unpaid loans he made to Chapter 7 debtors Michael and Christine Farrell are nondischargeable for fraud. The Farrells' motion for summary judgment is now before the court. The facts in this case, stated most favorably to plaintiffs, are as follows only for purposes of ruling upon defendants' motion for summary judgment.

　　　　Beginning in 2001, defendants Michael and Christine Farrell began borrowing money from plaintiff

1

Roger Ashkenazi. They represented to him that the proceeds of the loans would be used in the Farrells' business, Farrell Industrial Roofing, Inc. The representations were false, and in fact the Farrells used the money borrowed from Ashkenazi to buy shares of stock in another company. In reliance on the false representations, Ashkenazi loaned the Farrells hundreds of thousands of dollars.

Ashkenazi and the Farrells entered into a series of agreements to establish the amount of loans owing and the mechanisms for repayment. Finally, in May of 2004, Ashkenazi entered into a document with Farrell Industrial Roofing, Inc., entitled "Settlement Agreement and Mutual Release." Under the terms of this agreement, the corporation gave Ashkenazi a note for $659,045.00 plus 6% interest. The agreement further provided each party released the other's officers, directors, principals and shareholders from every kind of liability whatsoever relating to the loans made by Ashkenazi. In their motion for summary judgment now before the court, the Farrells argue that this release bars Ashkenazi from asserting his fraud claims against them.

Prior to 2003, the Farrells would have been clearly entitled to summary judgment. The law in this circuit was that a settlement agreement was a novation, barring a party from alleging fraud in subsequent bankruptcy proceedings. *In re Fischer*, 116 F.3d 388 (9th Cir 1997). However, in *Archer v. Warner*, 538 U.S. 314, 123 S.Ct. 1462 (2003), the Supreme Court ruled that while the settlement agreement and the release were effective in releasing all state law claims, the right to litigate dischargeability in subsequent bankruptcy proceedings remained. Therefore, the Farrells are not entitled to summary judgment on the fraud claims.

Dated: July 7, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

Case: 07-01038    Doc# 63    Filed: 07/07/08    Entered: 07/07/08 11:12:29    Page 2 of 2