UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL and CHRISTINE FARRELL,    No. 06-10863

                    Debtor(s).
_____/

ROGER ASHKENAZI,

                    Plaintiff(s),

      v.    A.P. No. 07-1038

MICHAEL and CHRISTINE FARRELL,

                    Defendant(s).
_____/

Memorandum on Motion for Attorney's Fees
_____

    In this dischargeability proceeding, the court found that plaintiff Roger Ashkenazi did not prove actual fraud on the part of defendants Michael and Christine Farrell and accordingly entered judgment for defendants, who now seek an award of attorneys' fees based on California Civil Code § 1021.[1]

    There is an inherent unfairness to plaintiffs in applying the state statute to federal nondischargeability actions. In most cases, and certainly in this case, the debtor owes a large debt to the plaintiff but the issue in a

---

[1] The court denied the Farrells recovery of their costs when they failed to submit an timely form of judgment as directed. The court intended this as a nominal sanction of a few hundred dollars at most, and did not intend it to extend to attorney's fees. The court accordingly does not interpret its sanction as applying to attorney's fees.

1

dischargeability proceeding is not, as it would be in state court, whether there is a debt owed but rather whether the debtor's conduct has rendered the debt nondischargeable. Thus, the plaintiff would be entitled to attorney's fees in state court but in bankruptcy court the same statute gives debtors a chance to recover their attorneys' fees. At the very least, it would seem fair to allow plaintiffs to set off their total claim against the debtor's fee award.

However, the court's responsibility here is to follow the law as set forth by higher courts, not indulge its own sense of fairness. The law is that a debtor may recover attorney's fees for successfully defending a nondischargeability proceeding based on state law and an applicable contract provision. However, the contract provision is to be read narrowly. *In re Chen,* 345 B.R, 197, 200-201 (N.D. Cal. 2006)(Alsup, D.J.); *In re Davidson,* 289 B.R. 716, 725 (9th Cir.BAP 2003).

In this case, there was a settlement agreement before bankruptcy and the Farrells had given Ashkenazi two notes. The Farrells argue that "the notes were an integral part of the plaintiff's case." The court finds no merit to this assertion. In its written findings, the court did not even mention the notes. The integral part of the case was Ashkenazi's allegations that the Farrells induced him to invest in their failed business by making false representations. The court found no merit to these allegations. The notes were entirely irrelevant.

The only other basis for attorney's fees is Paragraph 12 of the 2003 settlement agreement meant by the parties to undo their business relations. That paragraph provides that "in any action or proceeding *brought to enforce this Agreement*, the prevailing party shall be entitled to reasonable attorneys fees . . . ." [emphasis added]. This adversary proceeding was not an action or proceeding brought to enforce the settlement. Far from it, this action related only to actions which were alleged to have taken place before the agreement was reached.[2] The terms of Paragraph 12 are far to narrow to permit an award of attorneys fees in this dischargeability proceeding.

---

[2]There was also a small matter relating to a postdated check. This had nothing to do with the notes or the settlement agreement.

2

For the foregoing reasons, defendants' motion for attorney's fees will be denied. Counsel for Ashkenazi shall submit an appropriate form of order.

Dated: January 11, 2009

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3